# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| **Renee Nadia Carter,** | ) |
| | ) |
|       **Plaintiff,** | )   **Case No.:** _____ |
| | ) |
|       vs. | )   **Judge:** _____ |
| | ) |
| **MetLife Group, Inc.,** | ) |
| | ) |
|       **Defendant.** | ) |

## Defendant's Notice Of Removal

TO THE CLERK OF THE ABOVED-ENTITLED COURT:

Defendant hereby removes this action for all further proceedings from the Superior Court of Hartford, Connecticut to the United States District Court for the District of Connecticut. As grounds for removal, defendant states as follows:

1. On or about April 19, 2023, Renee Nadia Carter ("plaintiff") filed an action in the Superior Court of Hartford, Connecticut entitled <u>Carter v. MetLife Group, Inc.</u>, Case No. HHD-cv-23-6168553-S ("the state court action"). A copy of the complete file in the state court action, including the Complaint, is attached hereto as **Exhibit E**.

2. The Complaint asserts four claims of discrimination / retaliation under a state statute, the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. §§46a-60 *et seq*. It also asserts two negligence claims under Connecticut common law.

3. Pursuant to **28 U.S.C. §1332**, this Court has diversity jurisdiction over the present lawsuit. The diversity of citizenship requirement is satisfied here (see ¶4), as is the amount in controversy requirement (see ¶¶5 – 10). Further, all procedural requirements for removal have been satisfied (see ¶¶11 – 15).

### A.    Diversity of Citizenship Exists

4. Plaintiff is a citizen of Connecticut (Complaint, ¶1) while MetLife is a citizen of New York. MetLife is incorporated in New York and its principal place of business (the corporate nerve center) is located at 200 Park Avenue, New York, NY 10166. (Complaint, ¶2). Accordingly, all plaintiffs are citizens of a different state than all defendants.

### B.    The Amount in Controversy Exceeds $75,000

5. In Connecticut, a plaintiff is not required to plead the precise amount of damages she seeks, nor is she capped by her prayer; she merely needs to allege that her damages exceed $15,000. C.G.S. §52-91. Accordingly, under **28 U.S.C. §1446(c)(2)**, defendant must make a good faith estimate of the amount in controversy to determine whether the $75,000 jurisdictional threshold is satisfied.

6. The Complaint states that plaintiff seeks to recover "lost wages and benefits" caused by her employment termination, along with other economic damages such as "front pay," plus damages for "substantial emotional distress," punitive damages, liquidated damages, and attorney fees. (Complaint, ¶¶54, 60, 64, & 69, and page 12).

7. <u>Back Pay = $60,000</u>. On June 30, 2022, MetLife discharged plaintiff from her job as a Claims Specialist. Her base salary in that position was $47,000. (**Exhibit A**: Declaration of Keri Doyle, ¶2) and (**Exhibit B**) (offer letter). Eleven months have elapsed since plaintiff's

termination. On information and belief, she has been unemployed the whole time,[1] which means her lost salary to date would total approximately $43,000.

Plaintiff also seeks damages for the value of lost benefits, such as medical insurance, group life and dental insurance, her annual bonus, company contributions to a retirement plan, etc. On average, according to U.S. Department of Labor data, private sector employees receive $30 in benefits for every $70 in base salary. (**Exhibit C**). *See also* (Exh. B) (plaintiff's offer letter describes numerous employee benefits she would receive). In this case, that works out to approximately $19,000 annually, which pro-rates to $17,000 for 11 months.

Adding those figures together, her total economic loss to date (wages plus benefits) is approximately $60,000.

8.  Emotional Distress = $50,000. The Complaint asserts that plaintiff suffered "substantial emotional distress," which allegedly was "severe enough that it might result in illness or bodily harm." (Complaint, ¶¶54, 60, 64, and 69). In determining the amount in controversy for jurisdictional purposes, emotional distress damages should be considered. Vermande v. Hyundai Motor Amer., Inc., 352 F. Supp. 2d 195, 198, 203 (D. Conn. 2004) (finds the amount in controversy requirement satisfied, even though plaintiff's economic loss was at most $24,000, because he could recover far more that that for emotional distress).

In discrimination cases in this region of the country, damage awards for "garden variety" emotional distress[2] tend to range between $30,000 and $125,000.[3] Conn. Jud. Branch v. Gilbert,

---

[1] Approximately two weeks ago, defense counsel contacted plaintiff's lawyer and asked, among other things, if plaintiff has found another job. To date, defense counsel has not received an answer.

[2] "Garden variety" emotional distress refers to claims based on nothing but the plaintiff's subjective and "conclusory" description of how the discrimination made her feel (e.g., humiliated), with no corroborating medical evidence and no proof that any psychological or medical treatment was required. Olsen v. County of Nassau, 615 F. Supp. 2d 35, 46 (E.D. N.Y. 2009).

343 Conn. 90, 139 (2022) (the $50,000 awarded here "falls at the lower end of what [has been] identified as the prevailing range of awards for garden-variety emotional distress damages); Patino v. Birken Mfg. Co., 304 Conn. 679, 708 (2012) ("[garden-variety] emotional distress claims generally merit $30,000 to $125,000 awards"); Olsen v. County of Nassau, 615 F. Supp. 2d 35, 46 (E.D. N.Y. 2009) (approvingly cited by both Patino and Gilbert for the $30,000 to $125,000 range in "garden variety" cases); Baron v. Maxam North Amer., Inc., 2012 U.S. Dist. LEXIS 52315, *9 (D. Conn.) (up to $65,000 in emotional distress damages is "appropriate for 'less severe discrimination cases'").

A lower award is certainly possible and would be proper, but based on what is typical locally, coupled with plaintiff's allegation that she suffered "substantial" emotional distress including stress severe enough to cause illness or other "bodily" manifestations, $50,000 is a good faith estimate of her likely emotional distress damages award (if she prevails on liability).

9.   Front Pay + Attorney Fees + Punitive Damages.  The Complaint also seeks damages for ongoing wage loss (front pay), along with punitive damages and an award of attorney fees.  Nonetheless, the present estimate of the amount in controversy *omits* those items.

10.   In sum, plaintiff's economic loss for the 11 months from her termination to the removal date is approximately $60,000, while the average emotional distress damages award if she prevails is estimated at $50,000.  Adding those two figures, her potential damages easily exceed $75,000, exclusive of interest and costs.  Thus, the amount in controversy requirement is satisfied.  *See* **28 U.S.C. §1446(c)(2)(A) & (B).**

---

[3] Much larger awards are common in more severe cases:  e.g., if the plaintiff experiences significant physical symptoms, requires therapy, or requires medical treatment / medication – particularly if the emotional distress substantially impacts her life by resulting in clinical depression, suicide attempts, divorce, or the like.

4

### C. All Procedural Requirements Have Been Satisfied

11. Removal is proper pursuant to **28 U.S.C. §1441**. Section 1441(a) authorizes removal of any civil action over which this Court would have original jurisdiction. That requirement is clearly satisfied here, as diversity jurisdiction exists.

12. No defendant in this action is a citizen of the forum state (Connecticut), so the additional requirement imposed by **28 U.S.C. §1441(b)(2)** for removal based on diversity grounds is satisfied.

13. On April 27, 2023, MetLife was served with a summons and copy of the Complaint via personal service on its registered agent in Connecticut. That was the first notice MetLife received of this lawsuit. Accordingly, this Notice of Removal is timely under **28 U.S.C. §1446(b)(2)(B)**. It was filed within 30 days after Defendant first received plaintiff's Complaint (on April 27, 2023), and the state court action has been pending for less than one year (only since April 19, 2023).

14. The United States District Court for the District of Connecticut is the judicial district embracing the place where the state court action is pending.

15. Written notice regarding the filing of this Notice Of Removal has been given contemporaneously to plaintiff through her attorney of record. In addition, a notice to the state court regarding removal, along with a copy of this Notice Of Removal, is being filed and noticed on this date to the Clerk of Court for the Superior Court of Hartford, Connecticut, in accordance with **28 U.S.C §1446(d)**. (**Exhibit D**) (Notice To State Court That This Case Has Been Removed To Federal Court).

16. For all of the foregoing reasons, this court has diversity jurisdiction over the instant action.

Respectfully submitted,

/s Marylou Fabbo
Marylou Fabbo, Esq.
CT Federal Bar No. 13332
SKOLER, ABBOTT & PRESSER, P.C.
One Monarch Place, Suite 2000
Springfield, MA 01144
Tel.:  (413) 737-4753 / Fax (413) 787-1941
mfabbo@skoler-abbott.com

*Local Address*:
1 Cove Landing
Old Saybrook, CT 06475

Martin Harris, Esq. (*pro hac vice* application pending)
HARRIS & AFFILIATES, Ltd.
505 North Lake Shore Drive #1405
Chicago, IL  60611
Ph: 312-644-1800
Marty@mharrislaw.com

Attorneys for the defendant, MetLife Group, Inc.

## Certificate of Service

I certify that on May 25, 2023, I caused the foregoing Notice Of Removal to be served on the following opposing counsel of record via both email and regular U.S. Mail, postage prepaid, addressed as follows:

>Rebecca M. Harris, Esq.
>CICCHIELLO & CICCHIELLO, LLP
>364 Franklin Ave.
>Hartford, CT 06114
>rharris@cicchielloesq.com

/s Marylou Fabbo
One of the attorneys for defendant

6